**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

POLLY STRATTON                                                                                    PLAINTIFF
ADC #750283

V.                                    NO: 1:07CV00053 JMM/HDY

JOHN MAPLES, JR. *et al.*                                                                  DEFENDANTS

**ORDER**

Pending before the Court are Plaintiff's motion for reconsideration of appointment of counsel (docket entry #134), motion for copies of Defendants' answer, and for business envelopes (docket entry #135), and motion for default judgment against all Defendants (docket entry #136). Plaintiff's motion for reconsideration of appointment of counsel does not provide any basis to cause the Court to believe the denial of appointed counsel was inappropriate. However, Plaintiff's motion also appears to seek reconsideration of the dismissal of Defendant Edwards. When Plaintiff initially filed this complaint, it was lengthy, vague, and contained allegation against more than 60 Defendants. The Court entered an order directing Plaintiff to file an amended complaint which contained a concise statement of her allegations against each Defendant, and reminding her that she could voluntarily dismiss some Defendants, and limit her complaint to the "most relevant parties" (docket entry #4). Plaintiff's amended complaint was also lengthy, and contained allegations against numerous Defendants. Perhaps as a consequence of the number of Defendants she named, Plaintiff failed to set forth sufficient facts to state a claim for relief against Edwards, although she now contends he is her "key defendant." Misunderstandings such as the one surrounding her claims against Edwards are likely when such broad claims are made against so many Defendants, which is

1

precisely why the Court reminded Plaintiff she could dismiss some parties and focus on the ones most relevant to her allegations. However, because Plaintiff is proceeding *pro se*, the Court concludes that, liberally construing Plaintiff's new allegations, she has stated a claim against Edwards, and her motion to amend should be granted.[1]

Regarding Plaintiff's motion for a copy of Defendants' answer, and for business envelopes, the Court notes that the Court's records indicate that Plaintiff has already been sent a copy of the answer filed on March 3, 2008, and her request for envelopes has previously been denied (docket entry #128). Finally, a default judgment is inappropriate at this time, because the record indicates that all Defendants who have been served with a copy of Plaintiff's complaint to this point have already answered in the allotted time period (docket entry #122).

IT IS THEREFORE ORDERED THAT:

1.	Plaintiff's motion for reconsideration of appointment of counsel (docket entry #134), motion for copies of Defendants' answer, and for business envelopes (docket entry #135), and motion for default judgment against all Defendants (docket entry #136), are DENIED.

2.	Plaintiff's motion to amend to add Edwards as a Defendant (docket entry #134). is GRANTED.

3.	Service is appropriate on Defendant Edwards, and the United States Marshal is directed to serve a copy of the complaint (docket entry #2), amended complaint (docket entry #44),

---

[1] Attached as part of Plaintiff's motion to appoint counsel is what she has entitled a motion for a response to her objections, seeking an answer as to whether the Court received objections she submitted. That preliminary portion of her motion for reconsideration was not docketed as a separate motion. Plaintiff will receive a copy of all the documents she files with the Court, so any question regarding a specific document is unnecessary. To the extent that her question is considered a motion, it is denied. The Court also stresses to Plaintiff that she should in the future file motions separately, so as to avoid confusion relating to the action she seeks.

this order, and summons on Edwards, without prepayment of fees and costs or security therefor.

DATED this   13   day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE